IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GLYNN DILBECK and
SHANE COOK                                                                    PLAINTIFFS

V.                          CASE NO. 5:17-CV-5116

NATHANIEL CLARK, in his official capacity
as Chief of the Fort Smith, Arkansas
Police Department; and HAYES MINOR,
in his official capacity as Chief of the
Rogers, Arkansas Police Department                                            DEFENDANTS

## OPINION AND ORDER

Now pending before the Court is a Motion to Sever and Transfer Claims (Doc. 25) filed by separate Defendant Nathaniel Clark, in his official capacity as Chief of the Fort Smith, Arkansas Police Department ("Fort Smith"). The Court heard oral argument on the Motion on September 26, 2017, and then ruled from the bench, granting the Motion and setting subsequent deadlines. This Order memorializes the Court's ruling and, to the extent it differs with anything stated from the bench, will control.

The instant case concerns Plaintiffs' constitutional challenges to certain ordinances enacted by the cities of Fort Smith, Arkansas, and Rogers, Arkansas. The Fort Smith ordinance at issue here is entirely different than the Rogers ordinance, and the two cities did not coordinate with one another in drafting and passing their respective ordinances. Although Plaintiff Shane Cook brings his claims only against the City of Rogers, Plaintiff Glynn Dilbeck brings claims against both Rogers and Fort Smith, and he asserts that he resided and/or was present in both cities and suffered constitutional violations stemming from both cities' ordinances.

Despite the fact that Mr. Dilbeck is suing both cities, the Court finds that he will not suffer prejudice if the Fort Smith claims are severed from the Rogers claims, and then

transferred to the undersigned in the Fort Smith Division. The challenges the Plaintiffs make to both ordinances will most likely be resolved on dispositive motions, and as Plaintiffs have requested only equitable relief, at most a bench trial will be necessary. Furthermore, to the extent oral argument will be necessary on the dispositive motions, the Court will likely set those motion hearings—in both cases—in Fayetteville.

The claims against Fort Smith and Rogers bear certain similarities, in that Plaintiffs have challenged both ordinances under the First Amendment to the United States Constitution; however, the ordinances themselves are textually dissimilar, and they were passed by two different city councils employing different reasoning and justifications. Moreover, it is clear that there will be little to no overlapping of witnesses, documentary evidence—and even legal argument—in the two cities' briefing on summary judgment. The Court will be required to take a fresh analytical approach as to each city's ordinance. Therefore, greater judicial efficiency will result if the Court is at liberty to analyze each ordinance in the context of two separate cases, rather than perform the unwieldy task of consolidating its findings into a single omnibus order.

Federal Rule of Civil Procedure 21 states that a court may, at any time, "on just terms . . . . sever any claim against a party." 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, the Court finds that the convenience of the Fort Smith parties and witnesses will not be affected, one way or another, by the Court's decision on the Motion to Sever and Transfer. It is highly unlikely that any witness will be required to attend any Court proceeding in either case, and the

documents at issue will likely be transmitted among the parties electronically. The Court agrees with Fort Smith that the claims brought against it in the instant case could have been brought in the Fort Smith Division, and that no party will be inconvenienced as a result of transferring the Fort Smith claims to that Division. Furthermore, the Court finds in its discretion that the interests of justice will be better served by severance and transfer, as judicial resources will be used more efficiently by separating the two sets of claims.

For all of the above reasons, **IT IS HEREBY ORDERED**:

(1) that the Motion to Sever and Transfer Claims (Doc. 25) filed by separate Defendant Nathaniel Clark, in his official capacity as Chief of the Fort Smith, Arkansas Police Department, is **GRANTED**;

(2) that the Clerk of Court **SEVER** the claims of Plaintiff Glynn Dilbeck against Defendant Nathaniel Clark, in his official capacity, from the claims in the instant case, and **OPEN** a new case in the Fort Smith Division, styled ***Glynn Dilbeck v. Nathaniel Clark, in his official capacity as Chief of the Fort Smith, Arkansas Police Department***;

(3) that the Clerk of Court **ASSIGN** the new Fort Smith Division case to the undersigned;

(4) that the Clerk of Court **NOTE** in the docket of the Fort Smith Division case that the attorneys currently representing Mr. Dilbeck and Mr. Clark in the instant case will continue their representation in the Fort Smith case;

(5) that Mr. Dilbeck will not be required to pay a filing fee to open the Fort Smith Division case;

(6) that the instant Order shall be filed in the case at bar and in the Fort Smith Division case;

(7) that Plaintiffs shall file an amended complaint in the instant case and in the Fort Smith Division case, separating the parties and claims accordingly, by no later than **October 11, 2017**;

(8) that within 14 days after each amended complaint described in (7) above is filed, each Defendant shall file an answer or responsive pleading; and

(9) that the instant case in the Fayetteville Division shall be restyled *Glynn Dilbeck and Shane Cook v. Hayes Minor, in his official capacity as Chief of the Rogers, Arkansas Police Department*.

**IT IS SO ORDERED** on this 28th day of September 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE